UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **DENNIS R. DAVIS, JR.** | **CIVIL ACTION NO. 18-1393** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **NICOLE FULLER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Dennis Ray Davis, Jr., a prisoner at Caddo Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on October 24, 2018, under 42 U.S.C. § 1983. He names Nicole Fuller, Consuelo Lawrence Fuller, Caddo Correctional Center, Warden Robert Wyche, Program Director Mrs. Fradue, Sergeant Hayes, Sergeant Carlos Walker, Captain Raborn, ERT Morrison, ERT Richardson, Caddo Parish Clerk of Court, Mike Spence, Famon Blaney, Karen Greer McGee, Dianne Doughty, and Dorothy J. Oliver as Defendants.[1] For reasons that follow, Plaintiff's claims should be dismissed.

**Background**

Plaintiff presents vague and disjointed allegations. In his first two pleadings, he alleges that Deputy Nicole Fuller engages in retaliation by reading his "legal papers," preventing him from using the law library, and, without cause, directing others to "tazer" him. [doc. # 1, p. 3]. He also alleges, without elaborating or identifying a responsible actor, "failure to intervene." [doc. # 6, p. 2]. He alleges further that Caddo Correctional Center kidnaped and falsely imprisoned him on August 3, 2016, following his fourth driving-while-intoxicated ("D.W.I.") conviction. [doc. # 1, pp. 3-4]. He claims that the conviction constituted double jeopardy. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

In his third pleading, Plaintiff reiterates his false imprisonment claim and alleges that all named defendants are responsible. [doc. # 20, p. 7]. In addition, he claims the following:

- The Caddo Parish Sheriff's Office, the Caddo Parish District Attorney, the Caddo Parish Clerk of Court, and the Second Circuit Court of Appeal conspired against him;[2]

- Caddo Correctional Center falsely imprisoned him by failing to secure his "prompt appearance" in court and failing to address his grievances about bail;[3]

- Caddo Correctional Center placed "false holds in the records department to help aid the Caddo D.A.'s Office";[4]

- Captain Raborn, Deputy Fuller, Mrs. Fradue, and Warden Robert Wyche deprived him of access to court, access to a copy machine, and access to a telephone, rendering him unable to litigate his pending state court case;[5]

- Caddo Correctional Center, Warden Robert Wyche, Captain Raborn, and Sergeant Jhon Children failed to certify or correct records of a May 5, 2016 plea agreement in which Plaintiff pled guilty to a second D.W.I.;[6]

- Plaintiff was falsely imprisoned on August 5, 2016, because he could not "post bail";[7]

- Sergeant Hayes, Sergeant Walker, and Captain Raborn interfere with Plaintiff's "legal defense in state court . . . by strip searching" him thrice each day and by seizing his "legal documents, envelopes, pens, [and] papers";[8]

- Mrs. Fradue reads Plaintiff's legal documents "in retaliation for filing [a] civil action against Deputy Fuller" and places Plaintiff "on the law library list once

---

[2] [doc. # 20, p. 9].

[3] *Id.* at 10.

[4] *Id.* at 11.

[5] *Id.*

[6] *Id.* at 12.

[7] *Id.*

[8] *Id.* at 14.

every 30 days for only 30 minutes or less";[9] and

○ Deputy Famon Blaney conspired with the Caddo Parish Clerk of Court to alter the descriptions and outcomes of filings in a state court proceeding relating to Plaintiff's May 5, 2016 sentence.[10]

Plaintiff attaches exhibits relating to his alleged August 3, 2016 false imprisonment, his inability to "post bail," his second D.W.I., his fourth D.W.I., and his state court proceedings with docket numbers 329214, 341453, 342728, and 339179. [doc. # 20-1, pp. 2-3, 11-16].

Reciting a litany of improprieties and errors, Plaintiff's primary concern (from what the undersigned can glean) is that his fourth D.W.I. conviction amounted to double jeopardy and that his current confinement therefore constitutes false imprisonment.

Plaintiff seeks punitive damages, compensatory relief, and release from incarceration. [doc. # 1, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[11] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for

---

[9] *Id.* at 15.

[10] *Id.* at 16.

[11] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the

allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Malicious and Frivolous Suit**

Most of Plaintiff's claims are subject to dismissal as malicious and frivolous. "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which

5

have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, with the exception of Plaintiff's claims (1) that Mrs. Fradue reads his legal documents "in retaliation for filing [a] civil action against Deputy Fuller" and places him "on the law library list once every 30 days for only 30 minutes or less," and (2) that Nicole Fuller, Consuelo Lawrence Fuller, or both engaged in retaliation by reading his "legal papers," preventing him from using the law library, and, without cause, directing others to "tazer" him,[12] Plaintiff's allegations are substantially similar to, and arise from the same series of events as, allegations he raised in other closed and pending proceedings:

> o *Dennis Ray Davis, Jr. v. 1st Judicial District Court, et al.*, No. 18-0988 (W.D. La. 2018) (dismissing, as frivolous and malicious, Plaintiff's claims of improprieties relating to his fourth DWI conviction, that the conviction amounted to double jeopardy, that he was forced to "stay in jail without . . . appellant [sic] process[,"] that the District Attorney operated under a conflict of interest and conspired with others, that the Second Circuit Court of Appeal refuses to review his appeal, that the First Judicial District Court and the Second Circuit Court of Appeal are corrupt, that he

---

[12] The foregoing is the undersigned's interpretation and summation of Plaintiff's opaque allegations. [See doc. #s 1, p. 3; 20, p. 15].

was denied bond, and that he was subjected to "unnecessary judicial delay . . . .");

- *Dennis Ray Davis, Jr. v. Robert B. Whyce, et al.*, No. 18-0009 (W.D. La. 2018) (dismissing, *inter alia*, Plaintiff's claims of false imprisonment arising from his fourth DWI offense);

- *Dennis Ray Davis, Jr. v. Commissioner Caddo Parish, et al.,* No. 17-1269 (W.D. La. 2017) (reviewing Plaintiff's claims of false imprisonment, false arrest, entrapment, kidnaping, corruption, double jeopardy, denial of counsel, omissions by a clerk of court, sundry improprieties arising from his prior D.W.I. convictions, failure to post bond, failure to intervene, inability to secure the aid of his chosen attorney, lack of access to a copy machine and telephone, improper daily strip searches, and seizure of his legal documents, pens, envelopes, stamps, and legal pads);

- *Dennis Ray Davis, Jr. v. Robert B. Wyche, et al.*, No. 17-1230 (W.D. La. 2017) (dismissing Plaintiff's claims, which allegedly arose from his fourth DWI offense, that the District Attorney owed him $50,000.00, that he was falsely imprisoned, and that he was denied bond); and

- *Dennis Ray Davis, Jr. v. Police Dept. of Shreveport, et al.*, No. 17-0531 (W.D. La. 2017) (reviewing Plaintiff's allegations that, *inter alia*, district attorneys illegally detained him, he was falsely imprisoned or kidnaped, a judge improperly placed a hold on him, he was given excessive bond, he is innocent, he was subjected to double jeopardy on his fourth DWI offense, defendants failed to intervene in his plight, the District Attorney and the Second Circuit Court of Appeal conspired against him, he was slandered, and he was denied due process).

While there are minor factual distinctions in the stream-of-consciousness allegations Plaintiff raises here relative to the claims he raised in prior proceedings, the claims here "form a convenient trial unit with the earlier" cases, which involve many of the same facts. See *Lewis*, 508 F. App'x at 344; see also *Humphrey v. Luna*, 59 F.3d 1242 (5th Cir. 1995) (affirming dismissal, as malicious and frivolous, complaints that "by and large contain[ed] 'stream of consciousness' lists of alleged acts of wrongdoing . . . .").

As Plaintiff's claims are duplicative, malicious, and frivolous, they should be dismissed.[13]

---

[13] That Plaintiff names additional defendants does not change the result. See *Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats

See *Comeaux v. Cockrell*, 72 F. App'x 54, 55 (5th Cir. 2003) (approving the dismissal of only some claims–rather than an entire complaint–as duplicative and therefore malicious). To the extent Plaintiff raises the instant claims in other, pending proceedings, the instant claims should be dismissed without prejudice to Plaintiff's right to prosecute the pending, duplicative proceedings. See *Pittman*, 980 F.2d at 995. The dismissal should otherwise be with prejudice. See *Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016).

**3. Retaliation**

To prevail on a retaliation claim, a plaintiff must prove: (1) the exercise of a specific constitutional right; (2) the defendants' intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation, which in this context means that, but for the retaliatory motive, the complained of incident would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 2331 (5th Cir. 1998). Courts must "carefully scrutinize" retaliation claims to "assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).[14]

A plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995). "Mere conclusory allegations of retaliation are insufficient[,] . . . a plaintiff must allege more than his personal belief that he has been the victim of retaliation." *Jones v. Greninger*, 188 F.3d

---

the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

[14] "The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Id.* (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir.1994)).

322, 325 (5th Cir. 1999). With respect to the third prong above, "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Smith v. Hebert*, 533 F. App'x 479, 482 (5th Cir. 2013).

Here, in his initial pleading, Plaintiff alleged that Nicole Fuller, Consuelo Lawrence Fuller, or both[15] engaged in retaliation. [doc. # 1, p. 3]. For context, the undersigned sets forth Plaintiff's allegations verbatim:

> Program Deputy Mrs. Nicole Fuller-of security showing her personal motive & vendetta-from the outside conflict of interest in light cruel purposeless infliction of pain to me as pro se attorney-who been kidnaped by CCC-Jail since 8/3/16-and filling numerous A.R.P. about false imprisonment-and not being able to access my library. Every Monday she reads the content of my legal papers during my pre-trial stage of both of frivolous criminal Dkt @ 1J.D.C. have prompt ERT to tazer me without cause send me back to housing unit claiming frivolous claims that my "papers" are contraband. Noting - 2-3 housing deputy inspected/search before leaving the dorm showing I go through duly process and check & each time she makes an frivolous finding only to deprive access to the library [sic].

*Id.* The undersigned instructed Plaintiff to expound and provide: (1) "a separate description of what, exactly, each defendant did to violate his rights; in other words, a description of how each defendant participated in the violation of his constitutional rights"; and (2) "a description of the injury or harm, if any, sustained as a result of each alleged violation." Plaintiff, however, did not clarify his allegations.

These muddled allegations are entirely conclusory and do not, therefore, disclose enough facts to state plausible claims. Plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. These claims should be dismissed.

---

[15] In his first amended pleading, Plaintiff suggests that he mistakenly identified Consuelo Lawrence Fuller as Nicole Fuller. [doc. # 6, p. 1].

Instead of clarifying the allegations of retaliation against Nicole Fuller or Consuelo Fuller recounted above, Plaintiff amended and claimed that Mrs. Fradue retaliated. [doc. # 20, p. 15]. He alleges that, because he filed suit against "Deputy Fuller," Mrs. Fradue searches his legal documents and places him "on the law library list once every 30 days for only 30 minutes or less." *Id.*

The first alleged act of retaliation—reading Plaintiff's legal documents—does not amount to a retaliatory adverse act because it is not an action capable of deterring a person of ordinary firmness from further exercising his constitutional rights. The act, in other words, is de minimis.[16] While the second alleged act of retaliation—restricting Plaintiff's law library access to "once every 30 days for only 30 minutes or less"—is more of a deterrence and thus arguably amounts to a more-than-deminimis retaliatory adverse act,[17] Plaintiff fails to produce direct evidence of retaliatory motivation or allege a chronology of events from which retaliation may be plausibly inferred.

---

[16] See *Sanchez v. Calfee*, 558 F. App'x 428, 429 (5th Cir. 2014) (finding that denial of mail was de minimis); *Street v. Johnson*, 2009 WL 2407750, at *4 (N.D. Miss. Aug. 3, 2009) (finding that reading a prisoner's "legal papers" was de minimis because "no discipline was imposed or sought[,]" the plaintiff did not suffer "an adverse change to his conditions of custody[,]" and the seizure did not prejudice the plaintiff); *Jebril v. Joslin*, 2008 WL 2491658, at *3 (S.D. Tex. June 18, 2008) (finding that, without more, repeatedly interfering with an inmate's mail "does not establish greater than *de minimis* retaliation.").

[17] Compare *Garner v. Moore*, 536 F. App'x 446, 450 (5th Cir. 2013) (finding that a plaintiff arguably stated a claim where he alleged that "the defendants denied him law library access in retaliation for his continued filing of grievances and threats to file suit."); *Westbrook v. Treon*, 78 F. App'x 970, 972 (5th Cir. 2003) (finding that the plaintiff "presented a colorable claim" where he alleged "that he was denied access to legal materials in retaliation for filing grievances."); with *Jones v. Greninger*, 188 F.3d 322, 325-26 (5th Cir. 1999) (affirming dismissal of a claim that the inmate was restricted to five hours each week in the law library in retaliation for filing grievances); *Cooper v. Barber*, 2013 WL 1965918, at *6 (E.D. Tex. May 9, 2013) (finding that hindering a prisoner's "efforts to use the law library" was no more than a de minimis act.).

In *McClure v. Turner*, 481 F. App'x 167, 172-73 (5th Cir. 2012), a prisoner alleged that a correctional officer "searched his cell and stole his property in retaliation for his writing a grievance against [another correctional officer] and getting [the other officer] demoted more than two weeks earlier." The Fifth Circuit Court of Appeals affirmed dismissal of the claim, reasoning:

> Aside from one incident preceding the other, we find no support for [the plaintiff's] retaliation allegation. The two-point chronology does not emit a plausible inference of retaliation. We therefore agree with the district court that the retaliation allegation is conclusory and [that] no causal connection can be inferred between the incident involving [the other correctional officer] and the subsequent incident involving [the retaliating officer].

*Id.*

Here, despite the undersigned's instructions, Plaintiff does not provide any dates.[18] Plaintiff only alleges that Mrs. Fradue restricted his library access in retaliation for suing another official. As in *McClure*, this two-point chronology does not amount to a plausible inference that, because Plaintiff sued "Deputy Fuller," Mrs. Fradue–an official with no alleged relationship to, agreement with, or instruction from Deputy Fuller–retaliated.[19] Accordingly, this retaliation claim should be dismissed.

**4. Access to Court**

---

[18] See *Uzomba v. Univ. Health Sys., B.C.A.D.C.*, 558 F. App'x 474, 475 (5th Cir. 2014) ("Because Uzomba did not allege the date upon which he filed grievances, he has not alleged a chronology of events from which retaliation may be plausibly inferred.").

[19] See *Trevino v. Gutierrez*, 426 F. App'x 327, 330 (5th Cir. 2011) ("[T]he mere fact that an undesirable action occurred after a long history of filing grievances . . . does not suffice to raise a plausible claim of retaliation."); *Davis v. Foxworth*, 2016 WL 11474087, at *7 (E.D. Tex. Sept. 21, 2016), report and recommendation adopted, 2016 WL 6436668 (E.D. Tex. Nov. 1, 2016) ("The mere fact one incident precedes another is not proof of a causal connection because this is the logical fallacy of post hoc ergo propter hoc (after this, therefore because of this).").

11

To the extent Plaintiff claims that Mrs. Fradue violated his right of access to the courts by limiting his access to the law library and reading his legal documents, he fails to state a plausible claim.

To succeed, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a sufficient claim of denial of access to the courts, a plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. A plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)); see *Lewis*, 518 U.S. at 355 (holding that impairment of any litigating capacity other than attacking sentences and challenging conditions of confinement "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Here, Plaintiff does not allege that he lost an actionable claim or that Mrs. Fradue prevented him from presenting a claim to any court. These ostensible access-to-court claims should be denied.[20]

---

[20] See *Douthit v. Dean*, 568 F. App'x 336, 337 (5th Cir. 2014) (observing that there is no constitutional right to conduct generalized research and finding no injury because, despite the removal of legal materials, the plaintiff was able to use "a form complaint for claims under § 1983 that elicited relevant facts[]" and "[w]hen the district court identified deficiencies in his claims, it allowed him to submit a more definite statement by answering detailed questions provided by the court."); see also *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (finding that there is no "abstract, freestanding right to a law library or legal assistance, [and that] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal

**5. Freedom of Speech**

To the extent Plaintiff claims that Mrs. Fradue violated his right to freedom of speech by reading or searching his legal documents, he fails to state a plausible claim. Because "a jail has a legitimate security interest in opening and inspecting incoming mail for contraband . . . [an] allegation that [a plaintiff's] incoming legal mail was opened and read but not censored does not rise to the level of a constitutional violation." *Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993); see *Jones v. Mail Room Staff*, 74 F. App'x 418, 419 (5th Cir. 2003). Similarly, "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected." *Collins v. Foster*, 603 F. App'x 273, 275 (5th Cir. 2015) (citing *Brewer*, 3 F.3d at 825). Here, as Plaintiff does not allege any cognizable harm, his claim should be dismissed.

<u>**Recommendation**</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Dennis Ray Davis, Jr.'s retaliation claims against Nicole Fuller, Consuelo Lawrence Fuller, and Mrs. Fradue, as well as his claims against Mrs. Fradue concerning access to courts and freedom of speech, be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** as frivolous and malicious **WITHOUT PREJUDICE** to Plaintiff's right to prosecute the pending, duplicative proceedings. The remaining claims should otherwise be **DISMISSED WITH PREJUDICE**.

---

assistance program is subpar in some theoretical sense."); *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (recognizing that the Supreme Court has not extended the right of access to courts "to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court.").

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for a Temporary Restraining Order and Motion to Appoint Counsel, [doc. # 1], be **DISMISSED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 17th  day of April, 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE